[4] In addition to this, it is well settled that where evidence is introduced over objection, some of which is admissible and some of it is not, but all is together objected to, no error is shown. That in order to point out any error, the objection must be specially to the particular portion which is inadmissible. Clearly, all of the testimony of this witness was admissible except what they asked Dock and his reply. He did not object to this specially, but included it, as stated, in his objections to the whole. This presents no error. Ortiz v. State, 68 Tex. Cr. R. 526, 151 S. W. 1056; Payton v. State, 35 Tex. Cr. R. 510, 34 S. W. 615; Gaines v. State, 37 S. W. 333; Tubb v. State, 55 Tex. Cr. R. 623, 117 S. W. 858; Cabral v. State, 57 Tex. Cr. R. 304, 122 S. W. 872; Hughes v. State, 68 Tex. Cr. R. 587, 152 S. W. 912; Pinkerton v. State, 71 Tex. Cr. R. 203, 160 S. W. 87; Boyd v. State, 72 Tex. Cr. R. 523, 163 S. W. 67; Lopez v. State, 73 Tex. Cr. R. 625, 166 S. W. 154; Francis v. State, 170 S. W. 782; Zweig v. State, 171 S. W. 751; Ghent v. State, 176 S. W. 568; Aven v. State, 177 S. W. 82; 1 Thomp. on Tr. (2d Ed.) § 696.

[5] After the state's first witness D. M. (or Dock) Martin, on his direct examination, had made out a clear case of sale by appellant to him as alleged and claimed by the state, the appellant took him on cross-examination and elicited testimony from him tending to show that the whisky he got at the time was for his father, the appellant having ordered it for him and he secured the delivery of it to him for his father; in other words, tending to show not a sale, but that appellant was acting as the agent solely for his father in getting the whisky and delivering it to him for his father. The state thereupon, in examination of him, produced his written sworn testimony before the grand jury in conflict with his then testimony as to the order and delivery of the whisky thereunder and examined him thereabout. Appellant objected to this, claiming that the state could not impeach its own witness, and the testimony before the grand jury could not be used for that purpose anyway. In approving appellant's bill on this subject, the court did so with this statement and qualification:

"The witness D. M. Martin testified on direct examination that he bought a quart of whisky from the defendant Boone Martin in January, 1916, and paid him $2 in silver for the whisky. On cross-examination, he was a very willing witness for the defendant, and testified to facts and circumstances tending to show that the transaction was not a sale, and would answer in the affirmative almost any question asked him by defendant's counsel, tending to prove that the whisky in question had been ordered by defendant for his father Mess Martin. This witness seemed to be very hostile to the state and very much in sympathy with the defendant, they being cousins. Thereafter Arch Martin was called as a witness for the state and testified that said witness and Marcelus Slater and Dock Martin made up the $2 and gave it to Dock, and Dock went off and came back with the whisky, and that said three parties took it to the creek and divided it up, and that there was no order about said liquor. And thereafter the state recalled the witness D. M. Martin, also known as Dock Martin, and asked the question and elicited the testimony as set out in the bill, and sought to show that (by) said witness' testimony that said whisky had been ordered by the defendant for Mess Martin was an afterthought, and that he did not state it either in the court of inquiry or before the grand jury, but testified on both occasions the facts showing a straight sale to him by the defendant of the whisky. The said witness D. M. Martin having on cross-examination testified to facts injurious to the state's cause, and the state having shown by other witnesses that the transaction under investigation was in fact a sale, the court considered that the examination by the state, as complained of in this bill, was proper."

As qualified, the bill presents no error. Besides, the statute and the decisions are all against appellant on this point. Article 815, C. C. P.; sections 1116 and 1046, White's An. C. C. P.

[6, 7] The only other matter complained of is the refusal of the court to give appellant's special charge on the subject of the claimed agency of appellant. The court's charge had covered this point fully, and there was no error in refusing his special charge. Besides, the point is not raised in such a way that it can be considered. Ryan v. State, 64 Tex. Cr. R. 628, 142 S. W. 878, Byrd v. State, 69 Tex. Cr. R. 35, 151 S. W. 1068, and a large number of other cases.

The judgment is affirmed.

---

SUGGS v. STATE.    (No. 4273.)

(Court of Criminal Appeals of Texas.    Nov. 1, 1916.)

CRIMINAL LAW ⊕⇒1144(14) — APPEAL — PRESUMPTION.

In the absence of statement of facts and bill of exceptions, it will be presumed that the charge presented the law, and all of it, applicable to the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2767, 2901, 3032; Dec. Dig. ⊕⇒1144(14).]

Appeal from Tarrant County Court; Jesse M. Brown, Judge.

Harry Suggs was convicted, and appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of vagrancy in the county court of Tarrant county, from which judgment he prosecutes this appeal.

In the absence of a statement of facts and bills of exception, we must presume the court presented the law, and all the law, applicable to the evidence in his charge.

The judgment is affirmed.